FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

MAR 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| ROBERT ALLEN POYSON, | No. 10-99005 |
|---|---|
| Petitioner - Appellant, | D.C. No. 2:04-cv-00534-NVW<br>District of Arizona,<br>Phoenix |
| v. | |
| CHARLES L. RYAN, | ORDER |
| Respondent - Appellee. | |

Before: THOMAS, FISHER and IKUTA, Circuit Judges.

Petitioner-appellant Robert Poyson moves to stay this appeal and remand to the district court for further proceedings in light of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). We deny the motion.

Under *Martinez*, ineffective assistance of postconviction relief (PCR) counsel will provide cause to excuse procedural default of an underlying ineffective assistance of trial counsel (IATC) claim when two requirements are satisfied: (1) PCR counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984); and (2) the underlying IATC claim is a substantial one, which is to say that the claim has some merit. *See Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012). We will remand a *Martinez* issue when the record is devoid of

sufficient information to decide whether these requirements are satisfied. *See Sexton v. Cozner*, 679 F.3d 1150, 1161 (9th Cir. 2012). Here, no remand is necessary.

**1.** Poyson cannot satisfy the *Martinez* standard on Claims 5c and 5d because these underlying IATC claims are insubstantial. Even if trial counsel should have challenged the sufficiency of the indictment, the IATC claims are groundless because Poyson cannot show prejudice. *See United States v. Arnt*, 474 F.3d 1159, 1162 (9th Cir. 2007); *State v. Hamilton*, 868 P.2d 986, 993 (Ariz. Ct. App. 1993). Nor is prejudice presumed. *See United States v. Cronic*, 466 U.S. 648, 658-59 (1984).

**2.** Poyson cannot satisfy the *Martinez* standard on Claim 6 because he has not shown that PCR counsel was ineffective under *Strickland* for failing to present in state court the specific claim that trial counsel rendered IATC for failing to investigate Poyson's possible Fetal Alcohol Spectrum Disorder (FASD). PCR counsel retained a neuropsychological expert, Dr. Robert Briggs, who was aware of Poyson's exposure to drugs and alcohol in utero, but did not advise PCR counsel that Poyson suffered from FASD. Under these circumstances, it was not unreasonable for PCR counsel not to assert a claim that trial counsel provided IATC by failing to investigate and develop evidence of FASD. Poyson also has

2

not shown that it was unreasonable for PCR counsel to rely on Dr. Briggs. The similarities between the Poyson report and the Detrich report do not, without more, undermine the accuracy of Dr. Briggs' assessment.

Poyson's *Martinez* argument fails regardless of whether PCR counsel consciously chose not to pursue an IATC claim based on inadequate investigation of FASD or believed that the broader penalty-phase IATC claims he did raise encompassed that issue, because under either set of facts it was not objectively unreasonable not to pursue the claim in light of Dr. Briggs' analysis. *See Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) ("To establish deficient performance, a person challenging a conviction must show that 'counsel's representation fell below an objective standard of reasonableness.'" (quoting *Strickland*, 466 U.S. at 688); *see id.* at 790 ("*Strickland* . . . calls for an inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind.").

Accordingly, Poyson's motion for partial remand, filed April 3, 2012 (Dkt. 48), is **DENIED**.